UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Theresa Rice, ) | |
| ) | C/A No.: 4:06-cv-02770-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff's attorney petitions this Court for an award of attorneys' fees in the above-captioned case pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's attorney seeks $2,135.25 in attorneys' fees. Defendant Commissioner of Social Security ("the Government") does not object to the awarding of these fees, but the parties dispute the amount of money that should be paid directly to Plaintiff. For the reasons discussed herein, Plaintiff's Motion for Attorneys' Fees is held in ABEYANCE until the appellate court definitively rules on whether such fees are legitimate.

**Background**

Plaintiff brought this action pursuant to 42 U.S.C. 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. On May 15, 2007, Magistrate Judge Thomas E. Rogers, III reversed the Commissioner's decision

denying benefits under sentence four of § 405(g) and remanded the action to the Commissioner.

On July 17, 2007, Plaintiff's attorney, Paul T. McChesney, filed a Motion for Attorneys' Fees under the EAJA, seeking $4,424.18 in fees for approximately 26.5 hours of work. However, all but approximately 5.50 hours of work was performed by attorneys Charles L. Martin and Perrie H. Naides. Attorneys Martin and Naides are not licenced to practice law in South Carolina and did not obtain *pro hac vice* status before working on this case. Additionally, attorneys Martin and Naides had been warned by several judges in this district that because of the extensive work they perform in South Carolina federal courts, they should petition for *pro hac vice* status before seeking fees in future cases. Nonetheless, on April 7, 2009, Magistrate Judge Rogers awarded Plaintiff's counsel $5,492.66, which included an additional $1,068.48 for 6.4 hours of time spent litigating the EAJA fees.

On July 23, 2009, Plaintiff filed the current Motion, seeking an additional $2,135.25 for work performed by attorneys McChesney, Martin, and Naides. The Government does not object to this amount. However, as the Social Security Administration has awarded Plaintiff's counsel $7,000.00 for representing Plaintiff during administrative proceedings, the Government argues that Plaintiff's counsel has already received more fees than permitted by law and thus should have to refund the excess.

In a recent similar case before this Court, attorneys McChesney, Martin, and Naides sought EAJA fees for their representation of Andria Priestley. Given that Martin and Naides also failed to seek temporary admission in that matter, on November 24, 2009, this Court granted fees only for the work performed by Mr. McChesney. *See generally McChesney v. Astrue*, No. 6:08-546-GRA, 2009 WL 4267076 (D.S.C. Nov. 24, 2009), *appeal docketed*, No. 10-1113 (4th Cir. Jan. 26, 2010). On January 21, 2010, Priestley appealed this Court's November 24, 2009 Order. The United States Court of Appeals for the Fourth Circuit consolidated Priestley's appeal with three other cases where South Carolina courts had denied fees to attorneys Martin and Naides based on their failure to obtain *pro hac vice* admission. That appeal is currently pending.

Priestley subsequently petitioned this Court for attorneys' fees under 42 U.S.C. § 406(b). On July 21, 2010, this Court held Priestley's petition in abeyance pending the outcome of the appeal.

## **Discussion**

This Court possesses the authority to hold a motion in abeyance if resolution of a pending matter will help clarify the current issues or make currently disputed issues moot. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269 (2005); *United States v. Franczak*, 8 F. App'x 246 (4th Cir. 2001). A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The power to

stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254–55). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir.1979).

Although there has been no request to hold the instant motion in abeyance, a federal court has the inherent power to stay, *sua sponte*, an action before it. *Crown Cent. Petrol. Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98 (citing *Landis*, 299 U.S. at 254–55). *See also Collins v. S.C. Pub. Serv. Auth.*, (D.S.C. June 29, 2006) (*sua sponte* holding motion in abeyance pending outcome of a consolidated appeal involving the same defendant and similar issues); *Travelers Indem. Co. Of Ill. v. Hardwicke*, 339 F. Supp. 2d 1127, 1134 (D. Colo. 2004) (staying, *sua sponte*, several of defendant's counterclaims pending outcome of other counterclaims).

It is ultimately the province of this Court to determine whether fees requested under 42 U.S.C. § 406(b) are reasonable in a particular case. *See Brown v. Sullivan*, 917 F.2d 189, 192 (5th Cir. 1990). This reasonableness analysis will clearly be informed by the Fourth Circuit's evaluation of whether it is unjust to compensate out-of-state attorneys who extensively practice in a district while

flouting repeated warnings by several federal judges in that district to obtain *pro hac vice* admission.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorneys' Fees under 42 U.S.C. § 406(b) is held in ABEYANCE until the U.S. Court of Appeals for the Fourth Circuit renders a decision in *Andria Priestley v. Michael Astrue*, Dkt. No. 10-1113. When that decision is rendered, it shall be incumbent upon Plaintiff's counsel to notify this Court of the decision.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 9, 2010
Anderson, South Carolina